IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADRIAN COOLEY,

      Plaintiff/Petitioner,

vs.                                                                   No. CIV 05-700 MCA/LCS

STATE OF NEW MEXICO,

      Defendant/Respondent.

<u>MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION</u>

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2254, filed June 23,

2005 [Docket #1].  Respondent filed a Motion to Dismiss on August 16, 2005 [Docket #11].

The Court, having considered Respondent's Motion, Petitioner's Motion and Response, the

record herein, and being otherwise fully advised, recommends that Respondent's Motion to

Dismiss be **GRANTED** and that the Petition for Writ of Habeas Corpus be **DENIED**.

      **I.**      **Procedural Background**

      1.      Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis*.

Petitioner is confined pursuant to a valid Judgment and Partially Suspended Sentence [Answer;

Ex. A], dated May 28, 2002, entered in the Second Judicial District Court for the County of

Bernalillo, State of New Mexico.  Pursuant to a plea agreement, Petitioner pleaded no contest to

one count of Criminal Sexual Penetration in the Third Degree, one count of False Imprisonment,

and three counts of Battery.  Additionally, Count 1 was found to be a Serious Violent Offense

pursuant to N.M. Stat. Ann. § 33-2-34 (1978).  Mr. Cooley was sentenced by the Honorable

Mark A. Macaron to a term of six years imprisonment to be followed by one and one-half years supervised release and two years parole.  One and one-half years of the sentence was suspended for a total term of incarceration of four and one-half years.  [Id.]

2.      Mr. Cooley appealed his conviction to the New Mexico Court of Appeals, asserting that the district court violated his right to procedural due process when it classified Count 1 of the indictment as a serious violent offense without requiring the State to give notice of its intent to have Count 1 so classified.  [Id.; Ex. D].  The Court of Appeals affirmed Petitioner's convictions on October 22, 2003.  [Id; Ex. J].  Mr. Cooley filed a Petition for Writ of Certiorari to the New Mexico Court of Appeals on November 12, 2003.  [Id.; Ex. K].  This petition was granted on December 9, 2003. [Id.; Ex. M].  The New Mexico Supreme Court quashed the writ of certiorari on June 30, 2004.  [Id; Ex. R].

3.      Mr. Cooley filed his Petition for Writ of Habeas Corpus in this Court on 2005, alleging violation of his rights under the due process clause.  Although Petitioner did not file a Petition for Writ of Habeas Corpus in state court, I find that, because he has raised identical issues in his federal petition as were raised on direct appeal, he has sufficiently exhausted his state remedies such that I may consider his petition.[1]

**II.      Standard**

4.      Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a writ of habeas corpus may not be issued with respect to any claim adjudicated on the merits in the state

---

[1]*See Matlock v. Rose*, 731 F.2d 1236, 1240 (6th Cir. 1984) ("Habeas corpus petitioners are not required to pursue remedies that are clearly futile."); *see also Lucas v. Michigan*, 420 F.2d 259, 261 (6th Cir. 1970) (holding that "where the state court [has] already ruled contrary to the petitioner's contentions [and] there [is] no indication that the court [is] prepared to depart from its former decisions", returning to state courts would be futile.)

court proceeding unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1). A state court decision will be "contrary to" federal law if the state court either applies a rule that contradicts the Supreme Court on a question of law or if the state court decides a case differently on a set of materially indistinguishable facts. *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001). A state court decision will be an "unreasonable application of" federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 404-406 (2000)).

5.     "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable. *Id.* The AEDPA thus bars a federal court from granting habeas relief unless the state court decision involved either the application of an incorrect legal standard or principle or involved an objectively unreasonable application of the correct legal standard or principle.

**IV.     Analysis**

6.     Mr. Cooley raises essentially the same issue in his petition as was raised on direct appeal: namely, whether the district court failed to give him proper notice that it could classify his offense as a serious violent felony, in violation of the Due Process Clause of the Fourteenth Amendment. Petitioner's claim of error stems from his contention that the prosecution failed to

3

inform him prior to sentencing that it would seek to have the offense of criminal sexual

penetration classified as a serious violent offense for purposes of good time credits.  Mr. Cooley

also claims he was prejudiced because he did not have an opportunity to prepare to meet this

argument by the State.   In response to Petitioner's argument, the State claims that he has failed

to show a liberty interest in the accrual of good time credits, the deprivation of which would

implicate the right to procedural due process and that, even if Mr. Cooley could show an

entitlement to personal notice, he is not entitled to relief because he has not shown he was

prejudiced by the alleged lack of notice.

7.     Petitioner was sentenced to six years incarceration by the district court pursuant to

N.M. Stat Ann., Section 30-9-11 (E) (2001), Section 31-18-15 (A)(5) (1999), and Section 33-2-

34 (1999). Section 30-8-11 (E) defines the offense of criminal sexual penetration and establishes

that Mr. Cooley's offense constitutes a third-degree felony.  Section 31-18-15 establishes the

basic term of imprisonment for a third-degree felony and instructs the court to determine whether

the offense constitutes a serious violent offense as defined in Section 33-2-34.  Section 33-2-34

(L)(4)(n) defines which offenses may constitute a "serious violent offense" and outlines a

defendant's eligibility for earned meritorious deductions or "good time" credits.  A defendant

whose offense has been classified as a serious violent offense may earn a maximum of four days

per month of time served.  Section 33-2-34 (A)(1).  In contrast, a prisoner having committed a

nonviolent offense may earn up to thirty (30) days per month of time served.  *See* Section

33-2-34 (A)(2).

8.     Petitioner contends that the district court's classification of his crime as a serious

violent offense, and the corresponding reduction in the amount of good time credits available to

him, constitutes a sentencing enhancement which entitled him to notice of the State's intention to so classify his crime. *See Caristo v. Sullivan*, 112 N.M. 623, 818 P.2d 401 (1991) (holding that due process requires the state to provide notice of the factors upon which it will rely to aggravate (or enhance) a sentence).

9.      This argument ignores the holdings of the New Mexico appellate courts on this issue. New Mexico courts have generally held that a lack of special notice that the earned meritorious deductions act (EMDA) may apply to a particular offense does not violate due process because application of the act does not change the length of a defendant's sentence. *See State v. Wildgrube*, 134 N.M. 262, 75 P.3d 862 (N.M. Ct. App. 2003). Likewise, in *State v. Morales*, 131 N.M. 530, 39 P.3d 747 (N.M. Ct. App. 2002), the Court found that the EMDA "does not increase a maximum sentence, and limiting credit upon findings made by the court and concerning the general nature of the offense's characteristics appears more like sentencing factors." The Court has also found that a defendant receives adequate notice that the district court may consider application of the EMDA to his convictions through the language of the statute itself. *See State v. Andazola*, 134 N.M. 710, 82 P.3d 77 (N.M. Ct. App. 2003). Clearly the district court's decision was reasonable given the prior precedent of the New Mexico Supreme Court.

10.     I must nevertheless consider, in the context of this habeas petition, whether the state court's prior holdings on the notice requirement contravene clearly established federal law as set forth by the Supreme Court of the United States. It is clear from prior decisions that Defendant cannot claim the sentence itself violated due process. In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), the Court held that "any factor, excluding a prior conviction,

5

used to increase a defendant's sentence beyond the maximum provided by the statute under which the defendant was convicted must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 490, 2348.  The Court later clarified this holding by stating that *Apprendi's* rule did not apply to "a fact [which increased] the mandatory minimum (but [did not extend] the sentence beyond the statutory maximum." *Harris v. United States*, 536 U.S. 545, 557, 122 S.Ct. 2406 (2002).

11.     The imposition of a mandatory minimum sentence that is within the statutory range does not require the same protections as are required for the imposition of a sentence that exceeds the statutory maximum.  *Id.* at 565.  The legislature may raise the minimum penalty associated with a crime based on non-jury factual findings, without violating due process, so long as the penalty is within the range specified for the crime for which the defendant was convicted.  *See* McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411 (1986).  Judge Macaron found  that the criminal act perpetrated by Mr. Cooley was extremely violent and that the victim suffered serious harm.  [TR-19].  Under the rule articulated in *Apprendi* and *Harris*, Judge Macaron acted well within his discretion in making this finding, as this designation of Mr. Cooley's offense did not extend his sentence beyond the statutory maximum.  *See Harris*, 536 U.S. at 557.

12.     I must now consider Mr. Cooley's argument that, despite being sentenced within the appropriate statutory range, the state district court nevertheless violated his right to procedural due process by failing to provide him with notice that his crime could be classified as a serious violent offense.  I recommend rejecting Petitioner's contentions on this score.  The Tenth Circuit has held that, where defense counsel had constructive notice that certain conditions could be imposed on a defendant, a failure-of-notice claim should be rejected.  *United States v. Barajas*,

331 F.3d 1141, 1144 (10th Cir. 2003). The Court in *Barajas* held that, given the facts detailed in the presentence report outlining Defendant's violent behavior, Defendant could not have been caught off-guard that the court might choose to impose certain conditions at sentencing and the court determined that Defendant had constructive notice. *Id.* at 1145.

13.     Similarly in the present case, Mr. Cooley could not have been unaware of the possibility that his crime might constitute a serious violent offense. During the plea hearing, the prosecution outlined the facts on which it would rely in presenting its case, and Petitioner admitted there was a factual basis for the charges. Mr. Cooley also indicated he had discussed the plea agreement with his attorney and was satisfied with counsel's advice. Mr. Cooley does not claim that counsel rendered ineffective assistance. Therefore, I will presume that counsel provided competent advice and a thorough explanation of the law to Petitioner.[2] Given my examination of the statutory scheme, I find that defense counsel, and therefore Petitioner, had constructive notice that the crime could be classified as a serious violent offense for purposes of good time credits. As such, I find the district court's or the prosecution's failure to give explicit notice to Mr. Cooley that his crime might be so classified did not constitute a violation of due process.

## RECOMMENDATION

I recommend that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant

---

[2]A claim of ineffective assistance of counsel requires a showing of both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Prejudice in the context of a guilty plea requires Petitioner to show a reasonable probability that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner does not contend that he would not have entered a plea of guilty had he known of a potential for reduction of his good time credits. Therefore, he has failed to allege sufficient prejudice and I may assume that counsel had constructive notice that the offense could be classified as a serious violent felony.

7

to 28 U.S.C. § 2254, filed June 23, 2005 [Docket #1] be **DENIED**.  Timely objections to the

foregoing may be made pursuant to 28 U.S.C. § 636 (b)(1)(C).  Within ten days after a party is

served with a copy of these proposed findings and recommendations, that party may, pursuant to

§ 636 (b)(1)(C), file written objections to such proposed findings and recommendations with the

Clerk of the United States District Court, 333 Lomas Blvd. N.W., Albuquerque, NM 87102.  A

party must file any objections within the ten day period if that party wants to have appellate

review of the proposed findings and recommendations.  If no obejctions are filed, no appellate

review will be allowed.

_____

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**